Filing # 24476401 E-Filed 03/04/2015 02:35:43 PM

IN THE CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA

| CIVIL DIVISION | CIVIL ACTION SUMMONS<br>(En Espanol al Dorso) (Francais An Verso) | CASE NUMBER<br>2015CA001422XXXXMB (AA) |
|---|---|---|
| **PLAINTIFF(S)** | **v. DEFENDANT(S)** | **CLOCK IN** |
| NEIL KOPPEL and RENAISSANE DIAMONDS, INC. | CLIVE HILL and WASHINGTON DIAMONDS CORPORATION | |

| To Defendant: WASHINGTON DIAMONDS CORPORATION | Address: | Gary Rosenfeld, Registered Agent<br>14414 Sylvan Glade Drive<br>North Potomac, MD 20878 |
|---|---|---|

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached Complaint, and Emergency Motion for Temporary Injunction with the clerk of this court. A phone call will not protect you; your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court, located at:

Clerk of the Court
Palm Beach County Courthouse
205 North Dixie Highway
West Palm Beach, FL 33401
(561) 355-2431

You must also mail or take a copy of your written response to the person named below and file your response to the Court.

In accordance with The Americans With Disabilities Act of 1990 (ADA), persons with disabilities needing a special accommodation to participate in this proceeding should contact the Court ADA Coordinator at 205 No Dixie Highway, Room 5.2500, West Palm Beach, FL 33401, Telephone: 561-355-2431, or if hearing or speech impaired, TDD/TTY 800-955-8771 via Florida Relay Service, within two (2) days of your receipt of this legal notice.

| Plaintiff/Plaintiff Attorney:<br><br>Jason R. Marks, Esq., Fla. Bar No. 144584<br>Jorge R. Delgado, Esq., Fla. Bar No. 84118 | Address:<br>Kluger, Kaplan, Katzen, Silverman & Levine P.L.<br>Miami Center, 27th Floor<br>201 So. Biscayne Blvd.<br>Miami, FL 33131 |
|---|---|

| TO EACH SHERIFF OF THE STATE OF FLORIDA: | MAR 09 2015<br><br>By: _____<br>DEPUTY CLERK<br>Gina Brimmer | SHARON R. BOCK<br>Clerk & Comptroller<br>P.O. Box 4667<br>West Palm Beach, Florida<br>33402-4667 |
|---|---|---|

EXHIBIT "A"

*** FILED: PALM BEACH COUNTY, FL, SHARON R BOCK, CLERK, 3/4/2015 2:35:43 PM ***

IN THE CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: _____

NEIL KOPPEL and RENAISSANCE DIAMONDS, INC.,

     Plaintiffs;

v.

CLIVE HILL and WASHINGTON DIAMONDS CORPORATION,

     Defendants.

_____/

## COMPLAINT

Plaintiffs, NEIL KOPPEL and RENAISSANCE DIAMONDS, INC., through undersigned counsel, sue Defendants, CLIVE HILL and WASHINGTON DIAMONDS CORPORATION and alleges as follows:

1. This is an action for damages and injunctive relief arising out of claims for breaches of joint venture agreement, breach of fiduciary duty, constructive fraud, and tortious interference with business relationship.

## PARTIES

2. Plaintiff, NEIL KOPPEL ("Mr. Koppel"), is an individual residing in Palm Beach County, Florida, and is over 18 years of age and otherwise *sui juris*.

3. Plaintiff, RENAISSANCE DIAMONDS, INC. ("Renaissance Diamonds"), is a Florida corporation with its principal place of business in Palm Beach County, Florida.

4. Defendant, CLIVE HILL ("Mr. Hill") is an individual residing in the United Kingdom; is over 18 years of age and otherwise *sui juris*; and is subject to the personal jurisdiction of this Court.

5. Defendant, WASHINGTON DIAMONDS CORPORATION ("Washington Diamonds") is a corporation organized and existing under the laws of the Delaware with its principal place of business in Maryland, and is subject to the personal jurisdiction of this Court.

## JURISDICTION AND VENUE

6. This is an action for money damages in excess of $15,000.00 exclusive of interest and costs, and for injunctive relief.

7. Venue is proper in Palm Beach County, Florida, because the subject joint venture agreement was entered into in Palm Beach County, Florida; payment were supposed to be directed to Plaintiffs in Palm Beach County, Florida, and the subject joint venture agreement was breached in Palm Beach County, Florida.

## FACTS COMMON TO ALL COUNTS

8. Mr. Koppel is the sole principal of Renaissance Diamonds, a diamond distributor specializing in eco-friendly and socially responsible lab-grown diamonds.

9. Plaintiffs have been involved in the lab-grown diamond business for more than 20 years.

10. Through their decades of effort, Plaintiffs have developed lucrative business relationships with the largest diamond manufacturers and retailers in the world, as well as over 1,000 independent retailers.

11. Mr. Hill is a jeweler in the United Kingdom.

2

The Miami Center • 201 S. Biscayne Blvd. • Twenty Seventh Floor • Miami, FL 33131 • Ph: (305) 379-9000 • Fax: (305) 379-3428
2000 Glades Road • Suite 300 • Boca Raton, FL 33431 • Ph: (561) 613-4000 • Fax: (561) 613-4100 •
www.klugerkaplan.com

12. Mr. Hill founded Washington Diamonds on or about 2008.

13. Washington Diamonds is a manufacturer of lab-grown diamonds.

14. When starting Washington Diamonds, Mr. Hill had virtually no connections with U.S. based retailers, unlike Plaintiffs.

15. On or about May 2013, Mr. Koppel was referred to Mr. Hill as a potential source of lab-grown diamonds.

16. Mr. Koppel and Mr. Hill had several conversations about potential collaborations and business ventures.

17. Mr. Koppel and Mr. Hill, verbally and through various emails, agreed to enter a joint venture, individually and through their respective companies, aimed at obtaining Helzberg Diamonds, a Berkshire Hathaway Company, as a wholesale client for Renaissance Diamonds.

18. Mr. Koppel had a long-standing relationship with the chairman and CEO of Helzberg Diamonds.

19. The joint venture would entail Renaissance Diamonds selling colorless diamonds to Helzberg Diamonds. Washington Diamonds would supply inventory needed to Renaissance Diamonds at specific prices, quantities and qualities.

20. Mr. Koppel, through Renaissance Diamonds, had a large inventory of pink and yellow diamonds, while Mr. Hill, through Washington Diamonds, had the ability to manufacture colorless diamonds.

21. To further their joint venture, Mr. Koppel shared with Mr. Hill his extensive knowledge of U.S. based retailers and manufacturers, including sharing confidential emails and communications with officers of Helzberg Diamonds.

The Miami Center • 201 S. Biscayne Blvd. • Twenty Seventh Floor • Miami, FL 33131 • Ph: (305) 379-9000 • Fax: (305) 379-3428
2000 Glades Road • Suite 300 • Boca Raton, FL 33431 • Ph: (561) 613-4000 • Fax: (561) 613-4100 •
www.klugerkaplan.com

22. Mr. Koppel shared with Mr. Hill trade secrets and propriety information of the U.S. diamond trade, particularly as it pertained to Helzberg Diamonds, including, but not necessarily limited to, pricing points, contacts, costumer lists, diamond sizes and dimensions, and Mr. Koppel's business plan for increasing retailers.

23. Mr. Koppel also introduced Mr. Hill to other diamond processors and manufactures, which would allow Defendants to manufacture pink diamonds from colorless diamonds. Plaintiff and Defendants further agreed that these pink diamonds, in turn, would be sold to Helzberg Diamonds by Renaissance Diamonds.

24. Mr. Koppel and Mr. Hill also had designs of evolving their joint venture into a long-term partnership involving various business propositions, including obtaining more retailers.

25. For instance, Mr. Hill proposed to Mr. Koppel that they open a diamond retail business in New York's Diamond District, located on 47th Street. While Mr. Koppel and Mr. Hill were 50/50 owners of the 47th Street business, Mr. Koppel invested three times the money in the 47th Street business. The venture was ultimately unsuccessful.

26. While Mr. Koppel was attempting to get purchase orders from Helzberg Diamonds, on or about May 2014, Signet Jewelers Limited, the largest specialty jewelry retailer in the U.S. and the U.K., acquired fine jewelry retailer Zale Corp.

27. As a result, Helzberg Diamonds, a large competitor of Signet and Zale's, decided to put purchase orders with Mr. Koppel on hold for the near future.

28. Mr. Koppel informed Mr. Hill of this development, telling him that, per Helzberg Diamonds, Mr. Koppel and representatives of Helzberg Diamonds would have

4

a meeting in August 2014 to reassess the possibility of purchasing diamonds from Renaissance Diamonds.

29. Mr. Koppel and representatives of Helzberg Diamonds recommenced conversations on or about August 2014.

30. At all times, Mr. Koppel kept Mr. Hill apprised of his continued negotiations with Helzberg Diamonds.

31. On or about September 2014, Mr. Koppel successfully obtained orders from Helzberg Diamonds, and purchase orders in October 2014, which would amount to $20 to $25 million in annual business.

32. However, Defendants refused to sell to Plaintiffs the required inventory at the agreed-upon price.

33. Moreover, around the same time, Mr. Koppel was informed by representatives of Helzberg Diamonds that they had received a letter from Mr. Hill, proposing to sell diamonds directly to Helzberg Diamonds through Washington Diamonds.

34. Defendants used the same confidential information shared to them by Mr. Koppel to directly compete with Plaintiffs, in violation of the parties' joint venture agreement and Defendants' fiduciary duties.

35. In addition, upon information and belief, Defendants intend to use the same confidential information to propose direct business ventures with other large retailers.

36. Defendants' actions have harmed Plaintiffs at least in the amount $20 to $25 million in lost business from Helzberg Diamonds, with the possibility of expanded business in the future.

5

The Miami Center • 201 S. Biscayne Blvd. • Twenty Seventh Floor • Miami, FL 33131 •Ph: (305) 379-9000 • Fax: (305) 379-3428
2000 Glades Road • Suite 300 • Boca Raton, FL 33431 • Ph: (561) 613-4000 • Fax: (561) 613-4100 •
www.klugerkaplan.com

37. Moreover, Defendants' actions have irreparably harmed Plaintiff's reputation and relationship with Helzberg Diamonds.

38. Plaintiffs have retained the undersigned law firm to represent them in this action, and are obligated to pay said firm reasonable attorneys fees and costs in exchange for their services.

39. All conditions precedent to the maintenance of this action have occurred, been waived, or have otherwise been satisfied, performed or excused.

### COUNT I – BREACH OF JOINT VENTURE AGREEMENT

40. Plaintiffs reallege and incorporate paragraphs 1 through 39 above as if fully set forth herein.

41. Plaintiffs and Defendants intended to enter into, and actually entered into, a joint venture agreement to sell lab-grown diamonds to Helzberg Diamonds.

42. In furtherance of this joint venture agreement, Mr. Koppel, among other things, shared with Defendants his extensive knowledge of U.S. based retailers and manufacturers; confidential emails and communications with officers of Helzberg Diamonds; trade secrets and propriety information of the U.S. diamond trade, particularly as it pertained to Helzberg Diamonds; introduced Defendants to other diamond manufactures; and expended substantial sums into business ventures with Mr. Hill.

43. Plaintiffs performed all their obligations under the joint venture agreement, including obtaining purchase orders from Helzberg Diamonds that would result in business amounting to $20 to $25 million a year, with the possibility of expanded orders in the future.

6

The Miami Center • 201 S. Biscayne Blvd. • Twenty Seventh Floor • Miami, FL 33131 • Ph: (305) 379-9000 • Fax: (305) 379-3428
2000 Glades Road • Suite 300 • Boca Raton, FL 33431 • Ph: (561) 613-4000 • Fax: (561) 613-4100 •
www.klugerkaplan.com

44. Defendants have breached the joint venture agreement by refusing to sell to Plaintiffs the required inventory at the agreed-upon price; and by, through the use of Plaintiffs' knowledge and confidential information, attempting to sell diamonds to Helzberg Diamonds directly, circumventing Plaintiffs.

45. Defendants have also denied that a joint venture agreement exists between Plaintiffs and Defendants, and have repudiated the same.

46. Plaintiffs have suffered substantial damages as a direct and proximate result of Defendants' breach of the joint venture agreement.

**WHEREFORE**, Plaintiffs, NEIL KOPPEL and RENAISSANCE DIAMONDS, INC., requests that Judgment be entered against Defendants, CLIVE HILL and WASHINGTON DIAMONDS CORPORATION, jointly and severally, for compensatory damages, including interest and costs, and such other and further relief as this Court deems just and proper.

## COUNT II – BREACH OF FIDUCIARY DUTY

47. Plaintiff adopts and reallege paragraphs 1 through 39 above as if more fully set forth herein.

48. Plaintiffs and Defendants intended to enter into, and actually entered into, a joint venture agreement to sell lab-grown diamonds to Helzberg Diamonds.

49. In furtherance of this joint venture agreement, Mr. Koppel, among other things, shared with Defendants his extensive knowledge of U.S. based retailers and manufacturers; confidential emails and communications with officers of Helzberg Diamonds; trade secrets and propriety information of the U.S. diamond trade, particularly

7

The Miami Center • 201 S. Biscayne Blvd. • Twenty Seventh Floor • Miami, FL 33131 • Ph: (305) 379-9000 • Fax: (305) 379-3428
2000 Glades Road • Suite 300 • Boca Raton, FL 33431 • Ph: (561) 613-4000 • Fax: (561) 613-4100 •
www.klugerkaplan.com

as it pertained to Helzberg Diamonds; introduced Defendants to other diamond manufactures; and expended substantial sums into business ventures with Mr. Hill.

50. Plaintiffs performed all their obligations under the joint venture agreement, including obtaining purchase orders from Helzberg Diamonds that would result in business amounting to $20 to $25 million a year, with the possibility of expanded orders in the future.

51. As joint venturers, Defendants owed to Plaintiffs fiduciary duties, including a duty of loyalty.

52. Defendants breached their fiduciary duties to Plaintiffs by refusing to sell to Plaintiffs the required inventory at the agreed-upon price; and by, through the use of Plaintiffs' knowledge and confidential information, attempting to sell diamonds to Helzberg Diamonds directly, circumventing Plaintiffs.

53. Defendants are also directly competing with Plaintiffs and usurping Plaintiffs' corporate opportunities. These corporate opportunities are business opportunities in which Plaintiffs have an interest for valid and significant corporate purposes, and which Plaintiffs would typically pursue and develop as part of its existing business and established corporate activities.

54. As a direct and proximate result of Defendants' breach of fiduciary duties, Plaintiffs have suffered substantial damages.

55. Moreover, Defendants' actions have irreparably harmed Plaintiffs' reputation and relationship with Helzberg Diamonds.

**WHEREFORE**, Plaintiffs, NEIL KOPPEL and RENAISSANCE DIAMONDS, INC., requests that Judgment be entered against Defendants, CLIVE HILL and

8

The Miami Center • 201 S. Biscayne Blvd. • Twenty Seventh Floor • Miami, FL 33131 • Ph: (305) 379-9000 • Fax: (305) 379-3428
2000 Glades Road • Suite 300 • Boca Raton, FL 33431 • Ph: (561) 613-4000 • Fax: (561) 613-4100 •
www.klugerkaplan.com

WASHINGTON DIAMONDS CORPORATION, jointly and severally, for compensatory damages, including interests and costs, for injunctive relief, and for such other and further relief the Court deem just and proper.

### COUNT III – CONSTRUCTIVE FRAUD

56. Plaintiff adopts and realleges paragraphs 1 through 39 above as if more fully set forth herein.

57. Plaintiffs and Defendants intended to enter into, and actually entered into, a joint venture agreement to sell lab-grown diamonds to Helzberg Diamonds.

58. In furtherance of this joint venture agreement, Mr. Koppel, among other things, shared with Defendants his extensive knowledge of U.S. based retailers and manufacturers; confidential emails and communications with officers of Helzberg Diamonds; trade secrets and propriety information of the U.S. diamond trade, particularly as it pertained to Helzberg Diamonds; introduced Defendants to other diamond manufactures; and expended substantial sums into business ventures with Mr. Hill.

59. Plaintiffs performed all their obligations under the joint venture agreement, including obtaining purchase orders from Helzberg Diamonds that would result in business amounting to $20 to $25 million a year, with the possibility of expanded orders in the future.

60. Defendants abused their confidential relationship or fiduciary relationship with Plaintiffs for his own benefit and to Plaintiffs' detriment by refusing to sell to Plaintiffs the required inventory at the agreed-upon price; and by, through the use of Plaintiff's knowledge and confidential information, attempting to sell diamonds to Helzberg Diamonds directly, circumventing Plaintiffs.

9

The Miami Center • 201 S. Biscayne Blvd. • Twenty Seventh Floor • Miami, FL 33131 • Ph: (305) 379-9000 • Fax: (305) 379-3428
2000 Glades Road • Suite 300 • Boca Raton, FL 33431 • Ph: (561) 613-4000 • Fax: (561) 613-4100 •
www.klugerkaplan.com

61. Defendants are also directly competing with Plaintiffs and usurping Plaintiffs' corporate opportunities. These corporate opportunities are business opportunities in which Plaintiffs have an interest for valid and significant corporate purposes, and which Plaintiffs would typically pursue and develop as part of its existing business and established corporate activities.

62. Plaintiffs have suffered substantial damages as a direct and proximate result of Defendants' constructive fraud.

63. Moreover, Defendants' actions have irreparably harmed Plaintiffs' reputation and relationship with Helzberg Diamonds.

**WHEREFORE**, Plaintiffs, NEIL KOPPEL and RENAISSANCE DIAMONDS, INC., requests that Judgment be entered against Defendants, CLIVE HILL and WASHINGTON DIAMONDS CORPORATION, jointly and severally, for compensatory damages, including interests and costs, for injunctive relief, and for such other and further relief the Court deem just and proper.

## COUNT IV – TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIP

64. Plaintiff adopts and realleges paragraphs 1 through 39 above as if more fully set forth herein.

65. Plaintiffs have existing business relationships with numerous diamond retailers, including, but not limited to, Helzberg Diamonds.

66. Defendants were aware at all times of the existing business relationships between Plaintiffs and their diamond retailers, including, but not limited to, Helzberg Diamonds.

10

The Miami Center • 201 S. Biscayne Blvd. • Twenty Seventh Floor • Miami, FL 33131 • Ph: (305) 379-9000 • Fax: (305) 379-3428
2000 Glades Road • Suite 300 • Boca Raton, FL 33431 • Ph: (561) 613-4000 • Fax: (561) 613-4100 •
www.klugerkaplan.com

67. Defendants took various actions that interfered with the business relationship between Plaintiffs and Helzberg Diamonds, including, but not limited to, through the use of Plaintiff's knowledge and confidential information, attempting to sell diamonds to Helzberg Diamonds directly, circumventing Plaintiffs.

68. Defendants are also directly competing with Plaintiffs and usurping Plaintiffs' corporate opportunities. These corporate opportunities are business opportunities in which Plaintiffs have an interest for valid and significant corporate purposes, and which Plaintiffs would typically pursue and develop as part of its existing business and established corporate activities.

69. As a result of Defendants' intentional and unjustified interference, Plaintiffs suffered substantial damages.

70. Moreover, Defendants' actions have irreparably harmed Plaintiff's reputation and relationship with Helzberg Diamonds.

**WHEREFORE**, Plaintiffs, NEIL KOPPEL and RENAISSANCE DIAMONDS, INC., requests that Judgment be entered against Defendants, CLIVE HILL and WASHINGTON DIAMONDS CORPORATION, jointly and severally, for compensatory damages, including interests and costs, for injunctive relief, and for such other and further relief the Court deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs request a jury trial on any and all issues for which trial by jury is permitted by law.

11

The Miami Center • 201 S. Biscayne Blvd. • Twenty Seventh Floor • Miami, FL 33131 • Ph: (305) 379-9000 • Fax: (305) 379-3428
2000 Glades Road • Suite 300 • Boca Raton, FL 33431 • Ph: (561) 613-4000 • Fax: (561) 613-4100 •
www.klugerkaplan.com

Dated this 5th day of February 2015.

Respectfully submitted,

**KLUGER, KAPLAN, SILVERMAN, KATZEN & LEVINE, P.L.**
*Attorneys for Plaintiffs*
Miami Center, Seventeenth Floor
201 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 379-9000
Facsimile: (305) 379-3428

By: /s/ Jason R. Marks
    **JASON R. MARKS**
    Fla. Bar No. 144584
    jmarks@klugerkaplan.com
    **JORGE R. DELGADO**
    Fla. Bar No. 084118
    jdelgado@klugerkaplan.com

12

The Miami Center • 201 S. Biscayne Blvd. • Twenty Seventh Floor • Miami, FL 33131 • Ph: (305) 379-9000 • Fax: (305) 379-3428
2000 Glades Road • Suite 300 • Boca Raton, FL 33431 • Ph: (561) 613-4000 • Fax: (561) 613-4100 •
www.klugerkaplan.com