IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO. 15-80400-CIV-COHN/SELTZER

NEIL KOPPEL and                           :
RENAISSANCE DIAMONDS, INC.,               :
                                          :
         Plaintiffs                       :
                                          :
    v.                                    :
                                          :
CLIVE HILL and WASHINGTON                 :
DIAMONDS CORPORATION,                     :
                                          :
         Defendants.                      :
_____

**DEFENDANT, WASHINGTON DIAMONDS CORPORATION'S.
MOTION TO DISMISS PURSUANT TO FEDERAL RULE 12(b)(2)**

INTRODUCTION

This matter presents a business dispute by a corporation and its principal, both domiciled in Palm Beach County, against a Delaware corporation, Washington Diamonds Corporation ("WDC"), whose only place of business is in Maryland, and an individual, Clive Hill ("Hill"), who both lives in and, it is alleged, is a jeweler in the United Kingdom. *See*, *Complaint*, ¶¶ 3 – 5 & ¶ 11; *See*, *Affidavit of Yarden Tsach* ("*Tsach Affidavit*"), ¶¶ 4 and 13. As of this time, Hill has not yet been served with original process.

The Plaintiffs, Neil Koppel and Renaissance Diamonds, Inc., assert claims sounding in Breach of Joint Venture Agreement (Count I), Breach of Fiduciary Duty (Count II), Constructive Fraud (Count III) and Tortious Interference With Business Relationship (Count IV). All of these claims are premised upon the purported existence of a joint venture agreement among the parties in this action, which appears to be unwritten, and the existence of which WDC vigorously

denies. *Complaint*, ¶ 17 ("Mr. Koppel and Mr. Hill, verbally and through various emails, agreed to enter a joint venture…"). But Plaintiffs reference no specific emails, which they contend support the existence of such an agreement, nor do they attach any to the complaint. *Id.* Instead, their allegation of the existence of such an agreement is a "[t]hreadbare recital[]" supported by mere "conclusory statements," insufficient to state a claim. *See*, *Ashcroft v, Uqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 – 1950, 173 L.Ed.2d 868, 884 (2009). ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). That issue will be addressed at another juncture in this action, should the Court deny WDC's instant motion to dismiss.

WDC does not do any business within the State of Florida. *See*, generally, *Tsach Affidavit*. Accordingly, the State of Florida does not have sufficient minimum contacts with WDC to satisfy the requirements under Florida's long arm statute nor to "satisfy 'traditional notions of fair play and substantial justice' under the Due Process Clause of the Fourteenth Amendment", *see Blaihem v. Sea Tow Behamas Ltd.*, 148 F.Supp.2d 1343, 1349 (S.D.Fla. 2001) (quoting *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 626 (11th Cir. 1996). Therefore, pursuant to Federal Rule of Civil Procedure 12(b)(2), WDC seeks the dismissal of Plaintiffs' Complaint without prejudice.

**FACTUAL BACKGROUND**

WDC is in the business of manufacturing lab-grown diamonds. *Complaint*, ¶ 13. Plaintiffs are also in the lab-grown diamond business; however, it does not have the capability to manufacture clear diamonds, as does WDC. *Id.*, ¶¶ 9 & 20. Mr. Hill and Mr. Koppel are the principals of each company respectively. *Id.*, ¶¶ 2 & 4.

The Complaint alleges that, "[o]n or about May 2013 Koppel was referred to Mr. Hill as a potential source of lab-grown diamonds" of WDC. *Id.*, ¶ 15. The Complaint is silent with respect to where that contact took place. *See*, generally, *id.* But this contact was not made in Florida - Hill has not been in Florida in over 16 years. *See*, *Tsach Affidavit*, ¶ 14. In fact, the personal contact was at WDC's facility in Maryland, New York City and in Salt Lake City. *Id.*, ¶ 23. The only other contact was predominantly by telephone and Skype, although there was some email communication as well. *Id.*, ¶ 23. As previously stated, WDC is a Delaware corporation and its principal place of business is in Maryland. *Complaint*, ¶ 5.

Plaintiffs contend that they entered into a joint venture with WDC and Hill, "aimed at obtaining Helzberg Diamonds…as a wholesale client for Renaissance Diamonds." *Id.*, ¶ 17. Plaintiffs contend that Koppel would be able to procure business for this alleged joint venture based upon "a long-standing relationship with the chairman and CEO of Helzberg Diamonds." *Id.*, ¶ 18. The Complaint also alleges that "[t]o further their joint venture, …Koppel shared with … Hill his extensive knowledge of U.S. based retailers and manufacturers, including sharing confidential emails and communications with officers of Helzberg Diamonds." *Id.*, ¶ 21. The Complaint does not allege, however, the existence of any confidentiality agreement, written or otherwise, that would obligate Hill or WDC in general to keep any information confidential, other than to make the bald assertion that to do so is "in violation of the parties' joint venture agreement and Defendants' fiduciary duties." *Id.*, ¶ 34.

## I.   LEGAL STANDARD

In *In Re Trasylol Products Liability Litigation*, 2011 WL 5529934 at *2 (S.D. Fla. 2011), the court succinctly states the legal standard applicable to a motion to dismiss under Rule 12(b)(2) for lack of personal jurisdiction:

3

> The plaintiff bears the burden of establishing personal jurisdiction over the defendant. *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988)… A prima facie case is established if the plaintiff presents sufficient facts to defeat a motion for directed verdict. *Morris,* 843 F.2d at 492; *see also Lowdon PTY Ltd. V. Westminster Ceramics, LLC*, 534 F.Supp.2d 1354, 1360 (N.D.Ga.2008). Allegations in the complaint are accepted as true, to the extent they are uncontroverted by defendant's non-conclusory affidavits or deposition testimony. *Morris,* 843 F.2d at 492; *Lowdon* 534 F.Supp.2d at 1360. Where the evidence presented by the parties' affidavits and deposition testimony conflicts, all reasonable inferences are drawn in favor of the non-movant plaintiff. *Morris*, 843 F.2d at 492; *Lowdon*, 534 F.Supp.2d at 1360.

## II. PLAINTIFFS' COMPLAINT AGAINST WDC SHOULD BE DISMISSED UNDER RULE 12(b)(2) FOR LACK OF PERSONAL JURISDICTION

Determining whether personal jurisdiction can be exercised over a non-resident defendant like WDC involves a two-part inquiry: (1) whether the exercise of jurisdiction is appropriate pursuant to Florida's long-arm statute, and (2) whether exercising jurisdiction would violate the Due Process Clause of the Fourteenth Amendment. *See, e.g. Sloss Industries Corp. v. Eurisol*, 488 F.3d 922, 925 (11th Cir. 2007). The second part of the inquiry asks whether there are sufficient "minimum contacts . . . such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984); *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L.Ed. 95 (1945). In other words, to satisfy constitutional concerns, the non-resident defendant should reasonably expect to be haled into court in the forum. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985).

It is Plaintiff's burden to "[establish] a prima facie case of personal jurisdiction." *E.g., Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360

(11th Cir. 2006). Even if such a prima facie case is made, where the defendant submits affidavits to the contrary, the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction. *Id.*

Here, Plaintiffs have not alleged sufficient material facts to support personal jurisdiction over WDC in Florida under either the long-arm statute or the Due Process Clause. Indeed, Plaintiffs have made *no* specific **factual** allegations regarding personal jurisdiction. Instead, they make only what are pure conclusions of law concerning WDC and Mr. Hill's purported obligations under the alleged joint venture agreement as a means to support the existence of *in personam* jurisdiction over Defendants before this tribunal. *See*, *Complaint*, ¶ 7. Moreover, WDC denies even the existence of the joint venture agreement. *Tsach Affidavit*, ¶ 24. Accordingly, Plaintiffs Complaint should be dismissed without prejudice.

    **A.**    **Plaintiffs Have Not Satisfied Florida's Long-Arm Statute And WDC Has Established That They Cannot**

"Since the extent of the long-arm statute is governed by [state law], federal courts are required to construe it as would the Florida Supreme Court." *Cable/Home Communication v. Network Prods.*, 902 F.2d 829, 856 (11th Cir. 1990) (citation omitted). The Florida courts have held that "Florida's long-arm statute is to be strictly construed." *Sculptchair Inc. v. Century Arts, Ltd.*, 94 F. 3d 623, 627 (11th Cir. 1996); *see also Thomas Jefferson Univ. v. Romer*, 710 So. 2d 67, 71 (Fla. 4th DCA 1998).

Plaintiffs' Complaint fails to invoke any provision of Florida's long-arm statute. What is more, the statute *cannot* be satisfied because WDC has not undertaken any of the activities enumerated in the statute. At best, the activities alleged in Plaintiffs' Complaint may (but actually do not) implicate only four provisions of Florida's long-arm statute.

5

These four arguably relevant provisions of the long-arm statute may subject a nonresident defendant to Florida jurisdiction if the plaintiff's cause of action arises from the defendant's: (1) operation of a business within the state; (2) tortious acts within the state; (3) causing of injury to person or property within the state.; or (4) "[b]reaching a contract in this state by failing to perform acts required by the contract to be performed in this state." Fla. Stat. § 48.193(1)(a)1, 2, 6 & 7.

### 1. WDC Does Not "Carry On" Business In Florida

Section (1)(a)1 of Florida's long-arm statute subjects a defendant to jurisdiction if it carries on business in Florida. Fla. Stat. §48.193(1)(a)1. "In order to establish that a defendant is 'carrying on business' for the purposes of the long-arm statute, the activities of the defendant must be considered collectively and show a general course of business activity in the State for pecuniary benefit." *Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000) (citation omitted).

Plaintiffs have failed to allege that WDC has conducted any such business activity in Florida, and WDC's evidence establishes the exact opposite. WDC is a Delaware corporation with its principal place of business in Maryland. *Complaint*, ¶ 5. WDC has no employees, offices or agents in Florida. *Tsach Affidavit*, ¶¶ 7 & 9. WDC holds no business licenses in Florida. *Id*., ¶ 26. In fact, with one minor and unrelated exception, WDC does not sell anything to any Florida resident.[1] *Id*., ¶ 19. On similar facts, the Eleventh Circuit found that it lacked personal jurisdiction over a group of defendants under Florida's long-arm statute because the defendants did not manufacture, sell or solicit orders

---

[1] As reflected in the Tsach Affidavit, WDC has one customer located in Florida, who purchases about four stones a year. This customer's orders, like all purchase orders for goods WDC sells, are accepted in Maryland, at WDC's single location in the United States.

6

for products in Florida and they did not maintain offices or agents in the State. *See Sculptchair, Inc.*, 94 F.3d at 627-28; *see also Response Reward Systems, L.C. v. Meijer Inc.*, 189 F. Supp. 2d 1332, 1336-37 (M.D. Fla. 2002) (ruling that the defendant did not operate a business in Florida because it "has no employees, officers, property, telephone number or mailing address in Florida"). The result should be no different here.

Plaintiffs may argue that WDC conducts business in Florida because it maintains a passive Internet website that can be viewed by Florida residents if they so choose. But the Middle District of Florida has already held that the maintenance of a passive website, such as WDC's, does not constitute operating a business for the purposes of the long-arm statute. *See Miller v. Berman*, 289 F. Supp. 2d 1327, 1332-33 (M.D. Fla. 2003) (defendants' Internet website did not constitute "conducting or carrying on business in the state of Florida" because defendants did not solicit business or contract with Florida residents over the Internet).

### 2.   WDC Has Not Committed A Tort Within The State

Section (1)(a)2 of Florida's long-arm statute subjects a nonresident defendant to jurisdiction if the defendant has committed "a tortious act within this State." Fla. Stat. §48.193(1)(a)2. Section 1(a)2 is not applicable here.

To utilize the tort prong of Florida's long-arm statute, not only must Plaintiff sufficiently state a tort claim against WDC, but Plaintiffs must also establish that the alleged tort arose from WDC's contacts with Florida. *See Miami Breakers Soccer Club, Inc. v. Women's United Soccer Association*, 140 F. Supp. 2d 1325, 1329-30 (S.D. Fla. 2001). Plaintiffs have done neither.

First, Plaintiffs have not sufficiently stated a cause of action against WDC for

breach of fiduciary duty, constructive fraud and tortious interference because they also depend upon the existence of a joint venture, which this Complaint fails to sufficiently allege. Thus, Plaintiffs have not properly alleged that WDC has committed a tort.

Second, as noted, the only arguable contact WDC has with Florida is its website, which is accessible to anyone in the world. Plaintiffs have not alleged, and cannot allege, that its purported cause of action arose out of WDC's website or any website that WDC maintains. As such, Plaintiffs cannot utilize Section (1)(a)2 of Florida's long-arm statute to secure Florida jurisdiction over WDC. *See Miami Breakers Soccer Club*, 140 F. Supp. 2d at 1329-30 (ruling that the section was inapplicable because plaintiffs' tort claims did not arise from the defendants' passive website accessible in Florida).

### 3. WDC Has Not Caused Injury To Persons Or Property In Florida

Section 1(a)6 of Florida's long-arm statute subjects a nonresident defendant to jurisdiction in Florida if the defendant caused injury to persons or property in Florida. *See* Fla. Stat. §48.193(1)(a)6. But, here too, it is clear that the section is inapplicable. It is well-settled in Florida that Section (1)(a)6 "does not permit jurisdiction over nonresidents for acts arising outside the State that cause financial injury within the State, in the absence of personal injury or property damage." *Response Reward Systems*, 189 F. Supp. 2d at 1337 (ruling that the section, formerly numbered 1(f), does not apply because the plaintiff alleged only patent infringement, not personal injury or property damage); s*ee also Aetna Life & Cas. Co. v. Therm-O-Disc, Inc.*, 511 So. 2d 992, 994 (S. Ct. Fla. 1987) ("We hold that the provisions of Section 48.193(1)(f) contemplate personal injury or physical property damage."); *Sculptchair, Inc.*, 94 F.3d at 629 ("It is well-established, however, that mere economic injury without accompanying personal injury or property injury does not

8

confer personal jurisdiction over nonresident defendants under Section 48.193(1)(f).") Because Plaintiffs have not alleged that WDC caused them any physical injury or that WDC damaged their physical property, Section (1)(a)6 (formerly numbered (1)(f)) is inapplicable.

### 4. Plaintiffs Allege No Facts To Support Legal Conclusion That Defendants Breached Any Contract By Failing To Perform Acts Required To Be Performed In Florida

To justify personal jurisdiction before this tribunal, Plaintiffs allege the following purely legal conclusion of law: "Venue is proper in Palm Beach County, Florida, because the subject joint venture agreement was entered into in Palm Beach County, Florida; payments were supposed to be directed to Plaintiffs in Palm Beach County, Florida, and the subject joint venture agreement was breached in Palm Beach County Florida." *Complaint*, ¶ 7. The facts alleged in the complaint, however, do not suggest the basis for finding that the joint venture agreement was entered into in Palm Beach County. Moreover, the facts alleged in the complaint do not support the contention that WDC was to make any payments to Plaintiffs. Instead, its role would be to manufacture colorless diamonds, presumably at its sole location in Maryland and provide them to Plaintiff Renaissance, **location not stated in the purported joint venture agreement**, to be provided to Helzberg Diamonds, **location also not stated in the purported joint venture agreement** and later to other retailers, **location also not stated in the purported joint venture agreement.** *Id.*, ¶¶ 17 & 24. Therefore, the facts alleged in the complaint do not support the contention that the joint venture agreement was breached in Palm Beach County. Instead, this pure conclusion of law is stated as a mere contrivance to justify jurisdiction here. *See, e.g., PK Computers, Inc. v. Independent Travel Agencies of*

9

*America, Inc.*, 656 So.2d 254 (Fla. 4th DCA 1995).

In sum, Plaintiffs have not alleged facts sufficient to satisfy Florida's long-arm statute. Indeed, Plaintiffs have not identified which subsection of Florida's long-arm statute allegedly confers jurisdiction over WDC, and, in fact, no subsection does. Without going any further, this Court therefore has sufficient justification to dismiss Plaintiffs' entire Complaint against WDC for want of personal jurisdiction under Florida's long-arm statute.

### B.    Plaintiffs Have Not Satisfied The Due Process Clause And WDC Has Established That They Cannot

Regardless of Plaintiffs meeting the first part of the Court's inquiry into the existence of personal jurisdiction, the Court must also conduct a completely different analysis regarding minimum contacts and due process consideration. *See. e.g., Future Technology Today, supra,* 218 F. 3d at 124. Under that separate analysis, Florida jurisdiction over a defendant must be found to comport with the Due Process clause of the Fourteenth Amendment. Here, Plaintiffs have not alleged sufficient material facts to establish that Florida jurisdiction over WDC comports with due process, and WDC has shown that Plaintiffs are unable to do so.

"The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72 (1985). Due process requires two elements be established: (1) the defendant must have certain "minimum contacts" with the forum state; and (2) the maintenance of the suit must not offend "traditional notions of fair play and substantial justice", *International Shoe Co.*, 326 U.S. at 316.

"Minimum contacts within the forum may give rise to two types of personal jurisdiction: specific or general jurisdiction." *E.g.*, *Response Reward Systems*, 189 F. Supp. at 1338; *see Helicopteros Nacionales de Colombia, S.A*, 466 U.S. at 414-15. Here, Plaintiffs have not and cannot establish either.

### 1.    The Court Does Not Have General Jurisdiction Over WDC

To assert general jurisdiction, Plaintiff must establish that WDC has "continuous and systematic" contacts with Florida. *Helicopteros*, 466 U.S. at 416, 104 S. Ct. 1868. Factors that weigh against general jurisdiction include a lack of business or a business license in the forum, *id.,* a lack of property ownership in the forum, *National Enquirer, Inc. v. News Group News, Ltd.*, 670 F. Supp. 962, 966-67 (S.D. Fla. 1987), or a lack of any bank accounts, telephone listings, or mailing addresses in the forum. *Id*. at 966. General jurisdiction does not arise because a party maintains a website or otherwise offers information nationwide. *Miller*, 289 F. Supp. 2d at 1336 ("[T]he exercise of [general] jurisdiction over Defendants in the State of Florida is not proper because placing an informational website on the Internet does not amount to sufficient contacts with the forum."); *Bird v. Parsons*, 289 F.3d 865, 874 (6th Cir. 2002) (ruling that the fact that the defendant "maintains a website that is accessible to anyone over the Internet is insufficient to justify general jurisdiction"); *Mink v. AAAA Dev. LLC*, 190 F.3d 333, 336-37 (5th Cir. 1999) (nationwide toll-free telephone number and website insufficient); *see also ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F. 3d 707, 715 (4th Cir. 2002); *Soma Medical International v. Standard Chartered Bank*, 196 F.3d 1292, 1297 (10th Cir. 1999). Nor can general jurisdiction be premised on a "stream of commerce" theory; *i.e.,* that a defendant has contacts with third parties who then do business in the forum state. *See, e.g., Purdue Research Foundation v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 778 (7th Cir. 2003);

*Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 216 (5th Cir. 2000).

WDC is not subject to general jurisdiction in Florida. WDC has no employees, assets, bank accounts, real property, personal property, offices, or other facilities in Florida. *Tsach Affidavit*, ¶¶ 8, 9 & 21. WDC is not licensed to do business in Florida, does not have a registered agent for service of process in Florida, and has no phone numbers or mailing addresses in Florida. *Id*., ¶ 26. Finally, WDC's website, which is operated from web servers physically located in Maryland, does not offer anything for sale. *Id*., ¶ 27.

WDC thus has none of the contacts with Florida that are relevant to the general jurisdiction inquiry. *Helicopteros Nacionales de Colombia, S.A.*, 466 U.S. at 416; *National Enquirer,* 670 F. Supp. at 967. That Florida residents may access WDC's website is far from sufficient to satisfy the rigorous "continuous and systematic" test for general jurisdiction. *Miller*, 289 F. Supp. 2d at 1336. Nor does the existence of one single customer meet the "continuous and systematic" test.

### 2.    The Court Lacks Specific Jurisdiction Over Plaintiffs' Claim

Specific jurisdiction arises "out of a party's activities in the forum state that are related to the cause of action alleged in the complaint." *Sloss Industries Corp.*, 488 F.3d at 925 (quotation marks and citation omitted). The Eleventh Circuit employs a three-part test for determining whether minimum contacts sufficient to support specific personal jurisdiction exist: (1) the defendant's contacts with Florida must involve some act by which the defendant purposefully avails itself of the privilege of conducting activities within the State; (2) the defendant's contacts with the State must give rise to the plaintiff's cause of action; and (3) the defendant's contacts with the State must be such that the defendant should reasonably anticipate being haled into court there. *See Future*

*Technology Today*, 218 F.3d at 1250-51; *Miami Breakers Soccer Club*, 140 F. Supp. 2d at 1330. "The touchstone of sufficient contacts is that the defendant 'purposefully directed' its activities at residents of the forum-state." *JB Oxford Holdings, Inc. v. Net Trade, Inc.*, 76 F. Supp. 2d 1363, 1366 (M.D. Fla. 1999); *see Burger King*, 471 U.S. at 472- 73, *Response Reward Systems*, 189 F. Supp. 2d at 1338 (finding no specific personal jurisdiction because the defendant's activities could not be considered to be "purposefully directed to the State of Florida").

As noted, WDC does no business in Florida and is not party to any contracts with Plaintiff. *Tsach Affidavit* ¶¶ 9, 18, 19, 24 & 25. Plaintiffs' Complaint fails to identify WDC's contacts with the State of Florida, much less prove that his claims against WDC arise out of these contacts. After all, it was Mr. Koppel who first reached out to Mr. Hill, located in Maryland, and not the other way around. *Complaint*, ¶ 15 ("On or about May 2013, Mr Koppel was referred to Mr. Hill as a potential source of lab-grown diamonds."). *See, e.g., Thomas v. Brown*, 504 Fed. Appx. 845 (11th Cir. 2013), holding that Defendant attorneys in Ohio, who had represented Florida plaintiffs in an out of state matter, did not have sufficient minimum contacts with Florida where they had no office, telephone, bank account or property in Florida, they did not market themselves to Florida and did not conduct any matters relating to their representation of plaintiffs in Florida, they did not reach out to Plaintiffs seeking representation, they never traveled to Florida in relation to this case, and there were no papers or agreements signed or filed in Florida. "This minimal contact with Florida is not the type that would 'lead a person to reasonably expect the possibility of ensuing litigation in a Florida court should some type of dissatisfaction or complications arise.'" *Id.* at p. 849 (citation omitted). Specific personal jurisdiction is

13

therefore absent here.  *Fraser*, 594 F.3d at 850 (11th Cir. 2010) ("'[A] fundamental element of the specific jurisdiction calculus is that plaintiff's claim must 'arise out of or relate to' at least one of defendant's contacts with the forum.'") (citation omitted).  Plaintiffs' Complaint should be dismissed without prejudice for this reason alone.

Specific personal jurisdiction is also lacking because WDC did nothing to purposefully avail itself of the privilege of conducting activities" in Florida, and could not "reasonably anticipate being haled into [this] court." *Sloss Industries Corp*., 488 F.3d at 925 (quotation marks and citation omitted).

In short, Plaintiffs have not alleged any facts sufficient to satisfy the Due Process Clause.  WDC has established that it has no meaningful contacts with Florida and that the exercise of Florida jurisdiction over WDC would be unreasonable.  This Court therefore has more than ample justification to dismiss Plaintiffs Complaint against WDC for want of personal jurisdiction under the Due Process Clause.

## II.   CONCLUSION

For the foregoing reasons, Defendant Washington Diamonds Corporation prays that this Court dismiss Plaintiffs' Complaint as against Defendant Washington Diamonds Corporation without prejudice for lack of *in personam* jurisdiction.

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on this 13th day of April, 2015, I electronically filed the foregoing with the Clerk of the Court via the CM/ECF system which will send a notice of electronic filing to all counsel of record via the CM/ECF electronic filing system.

                Respectfully submitted,

                LABOVICK LAW GROUP
                Attorneys for Defendant, Washington Diamonds Corporation
                5220 Hood Road, Suite 200
                Palm Beach Gardens, FL 33418
                (561) 625-8400 - Telephone
                (561) 244-9577 - Facsimile
                Mazar@labovick.com - Primary Email
                Kbache@labovick.com - Secondary Email

        BY:  *s/ Michelle L. Azar*_____
            MICHELLE L. AZAR, ESQ.
            Florida Bar No.: 770493

SERVICE LIST

By Electronic Transmission:

Jason R. Marks, Esq., Kluger, Kaplan, Silverman, Katzen &Levin, P.L., 201 S. Biscayne Boulevard, 27 Floor, Miami, FL 33131; jmarks@klugerkaplan.com