IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO. 15-80400-CIV-COHN/SELTZER

NEIL KOPPEL and RENAISSANCE
DIAMONDS, INC.,

      Plaintiffs;

v.

CLIVE HILL and WASHINGTON DIAMONDS
CORPORATION,

      Defendants.
_____/

## AMENDED COMPLAINT

Plaintiffs, Neil Koppel and Renaissance Diamonds, Inc., through undersigned counsel, sue Defendants, Clive Hill and Washington Diamonds Corporation, and allege as follows:

1.    This is an action for damages and injunctive relief arising out of claims for breaches of joint venture agreement, breach of fiduciary duty, constructive fraud, and tortious interference with business relationship.

## PARTIES

2.    Plaintiff, Neil Koppel, is an individual residing in Palm Beach County, Florida, and is over 18 years of age and otherwise *sui juris*.

3.    Plaintiff, Renaissance Diamonds, Inc. ("Renaissance Diamonds"), is a Florida corporation with its principal place of business in Palm Beach County, Florida.

4.    Defendant, Clive Hill, is an individual residing in the United Kingdom; is over 18 years of age and otherwise *sui juris*; and is subject to the personal jurisdiction of this Court.

5.    Defendant, Washington Diamonds Corporation ("Washington Diamonds") is a corporation organized and existing under the laws of Delaware with its principal place of

business in Maryland, and is subject to the personal jurisdiction of this Court.

## SUBJECT MATTER JURISDICTION, VENUE AND PERSONAL JURISDICTION

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as this is an action between citizens of different States and the amount in controversy exceeds $75,000.

7. Venue is proper in the Southern District of Florida because a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of Florida and Defendants are subject to the Court's personal jurisdiction.

8. Defendants are subject to the personal jurisdiction of this Court under Florida's long-arm statute, § 48.193, Florida Statutes.

9. As set forth in the common allegations, there is specific jurisdiction under § 48.193(1)(a) because (1) Defendants caused injury to Plaintiffs in Florida through acts or omissions by the Defendant outside this state, and at the time, Defendants both engaged in solicitation activities or service activities in Florida, and products manufactured by the Defendants were used or consumed within this state in the ordinary course of commerce, trade, or use; (2) Defendants committed a tortious act in Florida; and (3) Defendants breached a joint venture agreement in Florida by failing to perform acts required by the joint venture agreement to be performed in Florida.

10. Upon information and belief, there is also general jurisdiction under § 48.193(2) because Defendants engaged in substantial and not isolated activity within this Florida.

## FACTS COMMON TO ALL COUNTS

11. Mr. Koppel is the sole principal of Renaissance Diamonds, a diamond distributor specializing in eco-friendly and socially responsible lab-grown diamonds.

2

12. Plaintiffs have been involved in the lab-grown diamond business for more than 20 years.

13. Through their decades of effort, Plaintiffs have developed lucrative business relationships with the largest diamond manufacturers and retailers in the world, as well as over 1,000 independent retailers.

14. Mr. Hill is a jeweler in the United Kingdom.

15. Mr. Hill founded Washington Diamonds on or about 2008.

16. Washington Diamonds is a manufacturer of lab-grown diamonds.

17. Washington Diamonds operates an interactive website that is accessible to consumers all around the world, including Florida consumers: http://www.washingtondiamondscorp.com.

18. Within the website's "Media Room" page, Washington Diamonds reproduces several articles about Defendants from various publications, a number of which are frequented by Florida residents, in particular, JCK Magazine and National Jeweler.

19. Within the websites' "Authorized Distributors" page, Washington Diamond states: "we do not sell directly to end-customers, we are happy to point you to our authorized distributors."

20. The website then lists a number of authorized distributors, which include Brilliant Earth and Robbins Brothers. Brilliant Earth and Robbins Brothers sell their products and gems to a number of end-consumers in the State of Florida.

21. Defendants are well aware that their lab grown diamonds will reach end-customers in the state of Florida through distributors like Brilliant Earth and Robbins Brothers. Indeed, the Florida diamond market is one of the more lucrative markets in the country.

The Miami Center • 201 S. Biscayne Blvd. • Twenty Seventh Floor • Miami, FL 33131 • Ph: (305) 379-9000 • Fax: (305) 379-3428
2000 Glades Road • Suite 300 • Boca Raton, FL 33431 • Ph: (561) 613-4000 • Fax: (561) 613-4100 •
www.klugerkaplan.com

22. Moreover, Defendants have at least one costumer in the state of Florida to whom they sell lab-grown diamonds on a regular basis.

23. Because Defendants do not sell directly to "end-customers," then, upon information and belief, this Florida costumer is a distributor or retailer, and therefore, Defendants' lab-grown diamonds ultimate reach a number of end-consumers in Florida.

24. Washington Diamond's website also features extensive information on Washington Diamonds, Mr. Hill and IGI Certificates for diamonds; information on high-tech applications for its products; a "Careers" section for potential employees; a "Contact" page where site visitors can send messages directly to Washington Diamonds; and a Blog, among other information.

25. When starting Washington Diamonds, Mr. Hill had virtually no connections with U.S. based retailers, unlike Plaintiffs.

26. On or about May 2013, Mr. Koppel was referred to Mr. Hill as a potential source of lab-grown diamonds.

27. Mr. Koppel and Mr. Hill had several conversations about potential collaborations and business ventures.

28. Mr. Hill was well aware that Mr. Koppel resides in Florida, and that Renaissance Diamonds does business in Florida. Indeed, many of their conversations centered on whether their joint business venture would be based in Florida, and the parties discussed creating a company to do business in Florida.

29. Mr. Koppel and Mr. Hill, verbally and through various emails, agreed to enter a joint venture, individually and through their respective companies, aimed at obtaining Helzberg Diamonds, a Berkshire Hathaway Company, as a wholesale client for Renaissance Diamonds.

30. Helzberg Diamonds is a national company with at least 16 stores all over Florida.

4

The Miami Center • 201 S. Biscayne Blvd. • Twenty Seventh Floor • Miami, FL 33131 • Ph: (305) 379-9000 • Fax: (305) 379-3428
2000 Glades Road • Suite 300 • Boca Raton, FL 33431 • Ph: (561) 613-4000 • Fax: (561) 613-4100 •
www.klugerkaplan.com

31. Mr. Koppel had a long-standing relationship with the chairman and CEO of Helzberg Diamonds.

32. The joint venture would entail Renaissance Diamonds selling colorless diamonds to Helzberg Diamonds. Washington Diamonds would supply inventory needed to Renaissance Diamonds at specific prices, quantities and qualities.

33. Mr. Koppel, through Renaissance Diamonds, had a large inventory of pink and yellow diamonds, while Mr. Hill, through Washington Diamonds, had the ability to manufacture colorless diamonds.

34. It was understood between their parties that obtaining Helzberg Diamonds as a wholesale client would mean that the parties' lab grown diamonds would reach end-consumers all over the country, including Florida.

35. Defendants are well aware that Florida is a large, lucrative diamond market, which their joint venture would specifically target, given Plaintiffs' experience and expertise in the Florida diamond market.

36. To further their joint venture, Mr. Koppel shared with Mr. Hill his extensive knowledge of U.S. based retailers and manufacturers, including sharing confidential emails and communications with officers of Helzberg Diamonds.

37. Mr. Koppel shared with Mr. Hill trade secrets and propriety information of the U.S. diamond trade, particularly as it pertained to Helzberg Diamonds, including, but not necessarily limited to, pricing points, contacts, costumer lists, diamond sizes and dimensions, and Mr. Koppel's business plan for increasing retailers.

38. Mr. Koppel also introduced Mr. Hill to other diamond processors and manufactures, which would allow Defendants to manufacture pink diamonds from colorless diamonds.

5

The Miami Center • 201 S. Biscayne Blvd. • Twenty Seventh Floor • Miami, FL 33131 • Ph: (305) 379-9000 • Fax: (305) 379-3428
2000 Glades Road • Suite 300 • Boca Raton, FL 33431 • Ph: (561) 613-4000 • Fax: (561) 613-4100 •
www.klugerkaplan.com

Plaintiff and Defendants further agreed that these pink diamonds, in turn, would be sold to Helzberg Diamonds by Renaissance Diamonds.

39. Mr. Koppel and Mr. Hill also had designs of evolving their joint venture into a long-term partnership involving various business propositions, including obtaining more retailers. It was understood between the parties that these additional retailers would include retailers with stores in Florida.

40. Mr. Hill proposed to Mr. Koppel that they open a diamond retail business in New York's Diamond District, located on 47th Street. While Mr. Koppel and Mr. Hill were 50/50 owners of the 47th Street business, Mr. Koppel invested three times the money in the 47th Street business. Notably, the product to be sold at the business venture would come from Florida, as Defendants knew. The venture was ultimately unsuccessful.

41. While Mr. Koppel was attempting to get purchase orders from Helzberg Diamonds, on or about May 2014, Signet Jewelers Limited, the largest specialty jewelry retailer in the U.S. and the U.K., acquired fine jewelry retailer Zale Corp.

42. As a result, Helzberg Diamonds, a large competitor of Signet and Zale's, decided to put purchase orders with Mr. Koppel on hold for the near future.

43. Mr. Koppel informed Mr. Hill of this development, telling him that, per Helzberg Diamonds, Mr. Koppel and representatives of Helzberg Diamonds would have a meeting in August 2014 to reassess the possibility of purchasing diamonds from Renaissance Diamonds.

44. Mr. Koppel and representatives of Helzberg Diamonds recommenced conversations on or about August 2014.

45. At all times, Mr. Koppel kept Mr. Hill apprised of his continued negotiations with Helzberg Diamonds.

46. On or about September 2014, Mr. Koppel successfully obtained orders from Helzberg Diamonds, and purchase orders in October 2014, which would amount to $20 to $25 million in annual business.

47. However, Defendants refused to sell to Plaintiffs the required inventory at the agreed-upon price.

48. Moreover, around the same time, Mr. Koppel was informed by representatives of Helzberg Diamonds that they had received a letter from Mr. Hill, proposing to sell diamonds directly to Helzberg Diamonds through Washington Diamonds.

49. Defendants used the same confidential information shared to them by Mr. Koppel to directly compete with Plaintiffs, in violation of the parties' joint venture agreement and Defendants' fiduciary duties.

50. In addition, upon information and belief, Defendants intend to use the same confidential information to propose direct business ventures with other large retailers, including retailers with stores in Florida.

51. Defendants' actions have harmed Plaintiffs at least in the amount $20 to $25 million in lost business from Helzberg Diamonds, with the possibility of expanded business in the future.

52. Moreover, Defendants' actions have irreparably harmed Plaintiff's reputation and relationship with Helzberg Diamonds.

53. Plaintiffs have retained the undersigned law firm to represent them in this action, and are obligated to pay said firm reasonable attorneys fees and costs in exchange for their services.

54. All conditions precedent to the maintenance of this action have occurred, been waived, or have otherwise been satisfied, performed or excused.

The Miami Center • 201 S. Biscayne Blvd. • Twenty Seventh Floor • Miami, FL 33131 • Ph: (305) 379-9000 • Fax: (305) 379-3428
2000 Glades Road • Suite 300 • Boca Raton, FL 33431 • Ph: (561) 613-4000 • Fax: (561) 613-4100 •
www.klugerkaplan.com

## COUNT I – BREACH OF JOINT VENTURE AGREEMENT

55. Plaintiffs reallege and incorporate paragraphs 1 through 54 above as if fully set forth herein.

56. Plaintiffs and Defendants intended to enter into, and actually entered into, a joint venture agreement to sell lab-grown diamonds to Helzberg Diamonds and other retailers.

57. In furtherance of this joint venture agreement, Mr. Koppel, among other things, shared with Defendants his extensive knowledge of U.S. based retailers and manufacturers; confidential emails and communications with officers of Helzberg Diamonds; trade secrets and propriety information of the U.S. diamond trade, particularly as it pertained to Helzberg Diamonds; introduced Defendants to other diamond manufactures; and expended substantial sums into business ventures with Mr. Hill.

58. Plaintiffs performed all their obligations under the joint venture agreement, including obtaining purchase orders from Helzberg Diamonds that would result in business amounting to $20 to $25 million a year, with the possibility of expanded orders in the future.

59. Defendants have breached the joint venture agreement by refusing to sell to Plaintiffs the required inventory at the agreed-upon price; and by, through the use of Plaintiffs' knowledge and confidential information, attempting to sell diamonds to Helzberg Diamonds directly, circumventing Plaintiffs.

60. Defendants have also denied that a joint venture agreement exists between Plaintiffs and Defendants, and have repudiated the same.

61. Plaintiffs have suffered substantial damages as a direct and proximate result of Defendants' breach of the joint venture agreement.

8

The Miami Center • 201 S. Biscayne Blvd. • Twenty Seventh Floor • Miami, FL 33131 • Ph: (305) 379-9000 • Fax: (305) 379-3428
2000 Glades Road • Suite 300 • Boca Raton, FL 33431 • Ph: (561) 613-4000 • Fax: (561) 613-4100 •
www.klugerkaplan.com

**WHEREFORE,** Plaintiffs, NEIL KOPPEL and RENAISSANCE DIAMONDS, INC., requests that Judgment be entered against Defendants, CLIVE HILL and WASHINGTON DIAMONDS CORPORATION, jointly and severally, for compensatory damages, including interest and costs, and such other and further relief as this Court deems just and proper.

## COUNT II – BREACH OF FIDUCIARY DUTY

62. Plaintiff adopts and reallege paragraphs 1 through 54 above as if more fully set forth herein.

63. Plaintiffs and Defendants intended to enter into, and actually entered into, a joint venture agreement to sell lab-grown diamonds to Helzberg Diamonds and other retailers.

64. In furtherance of this joint venture agreement, Mr. Koppel, among other things, shared with Defendants his extensive knowledge of U.S. based retailers and manufacturers; confidential emails and communications with officers of Helzberg Diamonds; trade secrets and propriety information of the U.S. diamond trade, particularly as it pertained to Helzberg Diamonds; introduced Defendants to other diamond manufactures; and expended substantial sums into business ventures with Mr. Hill.

65. Plaintiffs performed all their obligations under the joint venture agreement, including obtaining purchase orders from Helzberg Diamonds that would result in business amounting to $20 to $25 million a year, with the possibility of expanded orders in the future.

66. As joint venturers, Defendants owed to Plaintiffs fiduciary duties, including a duty of loyalty.

67. Defendants breached their fiduciary duties to Plaintiffs by refusing to sell to Plaintiffs the required inventory at the agreed-upon price; and by, through the use of Plaintiffs'

9

The Miami Center • 201 S. Biscayne Blvd. • Twenty Seventh Floor • Miami, FL 33131 • Ph: (305) 379-9000 • Fax: (305) 379-3428
2000 Glades Road • Suite 300 • Boca Raton, FL 33431 • Ph: (561) 613-4000 • Fax: (561) 613-4100 •
www.klugerkaplan.com

knowledge and confidential information, attempting to sell diamonds to Helzberg Diamonds directly, circumventing Plaintiffs.

68. Defendants are also directly competing with Plaintiffs and usurping Plaintiffs' corporate opportunities. These corporate opportunities are business opportunities in which Plaintiffs have an interest for valid and significant corporate purposes, and which Plaintiffs would typically pursue and develop as part of its existing business and established corporate activities.

69. As a direct and proximate result of Defendants' breach of fiduciary duties, Plaintiffs have suffered substantial damages.

70. Moreover, Defendants' actions have irreparably harmed Plaintiffs' reputation and relationship with Helzberg Diamonds.

**WHEREFORE**, Plaintiffs, NEIL KOPPEL and RENAISSANCE DIAMONDS, INC., requests that Judgment be entered against Defendants, CLIVE HILL and WASHINGTON DIAMONDS CORPORATION, jointly and severally, for compensatory damages, including interests and costs, for injunctive relief, and for such other and further relief the Court deem just and proper.

### COUNT III – CONSTRUCTIVE FRAUD

71. Plaintiff adopts and realleges paragraphs 1 through 54 above as if more fully set forth herein.

72. Plaintiffs and Defendants intended to enter into, and actually entered into, a joint venture agreement to sell lab-grown diamonds to Helzberg Diamonds and other retailers.

73. In furtherance of this joint venture agreement, Mr. Koppel, among other things, shared with Defendants his extensive knowledge of U.S. based retailers and manufacturers;

10

The Miami Center • 201 S. Biscayne Blvd. • Twenty Seventh Floor • Miami, FL 33131 • Ph: (305) 379-9000 • Fax: (305) 379-3428
2000 Glades Road • Suite 300 • Boca Raton, FL 33431 • Ph: (561) 613-4000 • Fax: (561) 613-4100 •
www.klugerkaplan.com

confidential emails and communications with officers of Helzberg Diamonds; trade secrets and propriety information of the U.S. diamond trade, particularly as it pertained to Helzberg Diamonds; introduced Defendants to other diamond manufactures; and expended substantial sums into business ventures with Mr. Hill.

74. Plaintiffs performed all their obligations under the joint venture agreement, including obtaining purchase orders from Helzberg Diamonds that would result in business amounting to $20 to $25 million a year, with the possibility of expanded orders in the future.

75. Defendants abused their confidential relationship or fiduciary relationship with Plaintiffs for his own benefit and to Plaintiffs' detriment by refusing to sell to Plaintiffs the required inventory at the agreed-upon price; and by, through the use of Plaintiff's knowledge and confidential information, attempting to sell diamonds to Helzberg Diamonds directly, circumventing Plaintiffs.

76. Defendants are also directly competing with Plaintiffs and usurping Plaintiffs' corporate opportunities. These corporate opportunities are business opportunities in which Plaintiffs have an interest for valid and significant corporate purposes, and which Plaintiffs would typically pursue and develop as part of its existing business and established corporate activities.

77. Plaintiffs have suffered substantial damages as a direct and proximate result of Defendants' constructive fraud.

78. Moreover, Defendants' actions have irreparably harmed Plaintiffs' reputation and relationship with Helzberg Diamonds.

**WHEREFORE**, Plaintiffs, NEIL KOPPEL and RENAISSANCE DIAMONDS, INC., requests that Judgment be entered against Defendants, CLIVE HILL and WASHINGTON

The Miami Center • 201 S. Biscayne Blvd. • Twenty Seventh Floor • Miami, FL 33131 • Ph: (305) 379-9000 • Fax: (305) 379-3428
2000 Glades Road • Suite 300 • Boca Raton, FL 33431 • Ph: (561) 613-4000 • Fax: (561) 613-4100 •
www.klugerkaplan.com

DIAMONDS CORPORATION, jointly and severally, for compensatory damages, including interests and costs, for injunctive relief, and for such other and further relief the Court deem just and proper.

### COUNT IV – TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIP

79. Plaintiff adopts and realleges paragraphs 1 through 54 above as if more fully set forth herein.

80. Plaintiffs have existing business relationships with numerous diamond retailers, including, but not limited to, Helzberg Diamonds.

81. Defendants were aware at all times of the existing business relationships between Plaintiffs and their diamond retailers, including, but not limited to, Helzberg Diamonds.

82. Defendants took various actions that interfered with the business relationship between Plaintiffs and Helzberg Diamonds, including, but not limited to, through the use of Plaintiff's knowledge and confidential information, attempting to sell diamonds to Helzberg Diamonds directly, circumventing Plaintiffs.

83. Defendants are also directly competing with Plaintiffs and usurping Plaintiffs' corporate opportunities. These corporate opportunities are business opportunities in which Plaintiffs have an interest for valid and significant corporate purposes, and which Plaintiffs would typically pursue and develop as part of its existing business and established corporate activities.

84. As a result of Defendants' intentional and unjustified interference, Plaintiffs suffered substantial damages.

85. Moreover, Defendants' actions have irreparably harmed Plaintiff's reputation and relationship with Helzberg Diamonds.

12

The Miami Center • 201 S. Biscayne Blvd. • Twenty Seventh Floor • Miami, FL 33131 • Ph: (305) 379-9000 • Fax: (305) 379-3428
2000 Glades Road • Suite 300 • Boca Raton, FL 33431 • Ph: (561) 613-4000 • Fax: (561) 613-4100 •
www.klugerkaplan.com

**WHEREFORE**, Plaintiffs, NEIL KOPPEL and RENAISSANCE DIAMONDS, INC., requests that Judgment be entered against Defendants, CLIVE HILL and WASHINGTON DIAMONDS CORPORATION, jointly and severally, for compensatory damages, including interests and costs, for injunctive relief, and for such other and further relief the Court deem just and proper.

### DEMAND FOR JURY TRIAL

Plaintiffs request a jury trial on any and all issues for which trial by jury is permitted by law.

Dated this **30th** day of April 2015.

    Respectfully submitted,

    **KLUGER, KAPLAN, SILVERMAN,**
    **KATZEN & LEVINE, P.L.**
    *Attorneys for Plaintiffs*
    Miami Center, Seventeenth Floor
    201 South Biscayne Boulevard
    Miami, Florida 33131
    Telephone: (305) 379-9000
    Facsimile:  (305) 379-3428


    By: /s/ Jorge R. Delgado
        **JASON R. MARKS**
        Fla. Bar No. 144584
        jmarks@klugerkaplan.com
        **JORGE R. DELGADO**
        Fla. Bar No. 084118
        jdelgado@klugerkaplan.com

13

The Miami Center • 201 S. Biscayne Blvd. • Twenty Seventh Floor • Miami, FL 33131 • Ph: (305) 379-9000 • Fax: (305) 379-3428
2000 Glades Road • Suite 300 • Boca Raton, FL 33431 • Ph: (561) 613-4000 • Fax: (561) 613-4100 •
www.klugerkaplan.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

## SERVICE LIST

Michelle Azar
LABOVICK LAW GROUP
Attorneys for Defendant, Washington Diamonds Corporation
5220 Hood Road, Suite 200
Palm Beach Gardens, FL 33418
(561) 625-8400 - Telephone
(561) 244-9577 - Facsimile
Mazar@labovick.com - Primary Email
Kbache@labovick.com - Secondary Email

By: /s/ Jorge R. Delgado
**JORGE R. DELGADO**

The Miami Center • 201 S. Biscayne Blvd. • Twenty Seventh Floor • Miami, FL 33131 • Ph: (305) 379-9000 • Fax: (305) 379-3428
2000 Glades Road • Suite 300 • Boca Raton, FL 33431 • Ph: (561) 613-4000 • Fax: (561) 613-4100 •
www.klugerkaplan.com