IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO. 15-80400-CIV-COHN/SELTZER

NEIL KOPPEL and                          :
RENAISSANCE DIAMONDS, INC.,              :
                                         :
       Plaintiffs                    :
                                         :
   v.                                    :
                                         :
CLIVE HILL and WASHINGTON                :
DIAMONDS CORPORATION                     :
                                         :
       Defendants.                   :
_____

**DEFENDANT, CLIVE HILL'S
MOTION TO DISMISS AMENDED COMPLAINT
PURSUANT TO FEDERAL RULE 12(b)(2)**

Defendant, Clive Hill ("Mr. Hill"), by and through his undersigned counsel, respectfully moves this Honorable Court to dismiss the Amended Complaint as against him, pursuant to Federal Rule 12(b)(2), and as grounds therefor states:

**INTRODUCTION**

This matter presents a business dispute by a corporation and its principal, Renaissance Diamonds, Inc. and Neil Koppel, both domiciled in Palm Beach County, against another corporation and its principal, Washington Diamonds Corporation ("WDC") and Mr. Hill. He both lives in and trades as a jeweler in the United Kingdom. *See*, Amended Complaint ("*Am. Comp.*"), ¶¶ 4 – 5 & ¶ 14; *See*, *Affidavit of Clive Hill In Support of Motion To Dismiss Amended Complaint* ("*Hill Affidavit*"), ¶ 1. WDC is a Delaware corporation with its sole place of business located in Maryland. *Am. Comp.*, ¶ 5.

The Plaintiffs assert claims sounding in Breach of Joint Venture Agreement (Count I), Breach of Fiduciary Duty (Count II), Constructive Fraud (Count III) and Tortious Interference With Business Relationship (Count IV).  All of these claims are premised upon the purported existence of a joint venture agreement among the parties in this action, which appears to be unwritten, and the existence of which both WDC and Mr. Hill vigorously deny. *Am. Comp.*, ¶ 29 ("Mr. Koppel and Mr. Hill, verbally and through various emails, agreed to enter a joint venture…"). *Affidavit Of Yarden Tsach In Support of Motion To Dismiss Amended Complaint* ("*Tsach Affidavit*"), ¶ 28; *Hill Affidavit*, ¶ 29 ("Neither I nor WDC had ever entered into a joint venture agreement with either Mr. Koppel or Renaissance Diamonds.").  But Plaintiffs reference no specific emails, which they contend support the existence of such an agreement, nor do they attach copies of any to the Amended Complaint. *Id.*  Instead, their allegation of the existence of such an agreement is a "[t]hreadbare recital[]" supported by mere "conclusory statements," insufficient to state a claim. *See*, *Ashcroft v, Uqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 – 1950, 173 L.Ed.2d 868, 884 (2009)  ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Mr. Hill personally has done no business in Florida.  WDC, the company of which he is President, also has done no business in Florida, but with one minor exception, which is not in any way related to the Plaintiffs and another minor exception involving Renaissance Diamonds, Inc., but not resulting in any sales. *See*, *Hill Affidavit*, ¶¶ 17 & 23; Tsach *Affidavit*, ¶¶ 17, 22, 35 & 36 (WDC's sales in Florida is one tenth of one percent (.1%) on an annual basis). Accordingly, Florida does not have sufficient minimum contacts with Mr. Hill to satisfy the requirements under Florida's long arm statute nor to "satisfy 'traditional notions of fair play and substantial justice' under the Due Process Clause of the Fourteenth Amendment." *See, Blaihem*

*v. Sea Tow Behamas Ltd.*, 148 F.Supp.2d 1343, 1349 (S.D.Fla. 2001) (quoting *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 626 (11th Cir. 1996)).  Therefore, pursuant to Federal Rule of Civil Procedure 12(b)(2), Mr. Hill joins with WDC seeking the dismissal of Plaintiffs' Amended Complaint without prejudice.[1]

## FACTUAL BACKGROUND

WDC is in the business of manufacturing lab-grown diamonds.  *Am. Comp.*, ¶ 16.  Plaintiff Renaissance Diamonds, Inc. is a diamond distributor of lab-grown diamonds; however, it has no clear diamonds in its inventory, which kind of diamonds WDC can manufacture.  Instead, it only has pink and yellow diamonds in its inventory.  *Id.*, ¶¶ 32 & 33.  Mr. Hill and Mr. Koppel are the principals of each company respectively.  *Id.*, ¶¶ 11 & 15.

The Amended Complaint alleges that, "[o]n or about May 2013 "Koppel was referred to Mr. Hill as a potential source of lab-grown diamonds." *Id.*, ¶ 26.  The Amended Complaint is silent with respect to where that contact took place.  *See*, generally, *Id.*  But Mr. Hill contends that this contact was not made in Florida in as much as Mr. Hill has not been to Florida in over 16 years.  *See*, *Tsach Affidavit*,  ¶ 14; *Hill Affidavit*, ¶ 13.  In fact, the personal contact was at WDC's facility in Maryland, New York City and in Salt Lake City.  *Id.*, ¶ 27.  The only other contact was predominantly by telephone and Skype, although there was some email communication as well.  *Id.*, ¶ 28.  As previously stated, WDC is a Delaware corporation and its principal place of business is in Maryland.  *Am. Comp.*, ¶ 5.

Plaintiffs contend that they entered into a joint venture with WDC and Mr. Hill, "aimed at obtaining Helzberg Diamonds…as a wholesale client for Renaissance Diamonds."  *Id.*, ¶ 29.  Plaintiffs contend that Koppel would be able to procure business for this alleged joint venture

---

[1] WDC previously filed a Motion To Dismiss Amended Complaint for lack of in personam jurisdiction, which is also pending.

based upon "a long-standing relationship with the chairman and CEO of Helzberg Diamonds." *Id.*, ¶ 18. The Amended Complaint also alleges that "[t]o further their joint venture, …Koppel shared with … Hill his extensive knowledge of U.S. based retailers and manufacturers, including sharing confidential emails and communications with officers of Helzberg Diamonds." *Id.*, ¶ 36. The Amended Complaint does not allege, however, the existence of any confidentiality agreement, written or otherwise, that would obligate Mr. Hill or WDC in general to keep any of Plaintiffs' information confidential, other than it states as a pure conclusion of law that his failure to do so is "in violation of the parties' joint venture agreement and Defendants' fiduciary duties." *Id.*, ¶ 49.

## I.   LEGAL STANDARD

In *In Re Trasylol Products Liability Litigation*, 2011 WL 5529934 at *2 (S.D. Fla. 2011), the court succinctly states the legal standard applicable to a motion to dismiss under Rule 12(b)(2) for lack of personal jurisdiction:

> The plaintiff bears the burden of establishing personal jurisdiction over the defendant. *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988)… A prima facie case is established if the plaintiff presents sufficient facts to defeat a motion for directed verdict. *Morris,* 843 F.2d at 492; *see also Lowdon PTY Ltd. V. Westminster Ceramics, LLC*, 534 F.Supp.2d 1354, 1360 (N.D.Ga.2008). Allegations in the complaint are accepted as true, to the extent they are uncontroverted by defendant's non-conclusory affidavits or deposition testimony. *Morris,* 843 F.2d at 492; *Lowdon*, 534 F.Supp.2d at 1360. Where the evidence presented by the parties' affidavits and deposition testimony conflicts, all reasonable inferences are drawn in favor of the non-movant plaintiff. *Morris*, 843 F.2d at 492; *Lowdon*, 534 F.Supp.2d at 1360.

*Id.*

## II.   PLAINTIFFS' COMPLAINT AGAINST HILL SHOULD BE DISMISSED UNDER RULE 12(b)(2) FOR LACK OF PERSONAL JURISDICTION

Determining whether personal jurisdiction can be exercised over a non-resident defendant like Mr. Hill involves a two-part inquiry: (1) whether the exercise of jurisdiction is appropriate pursuant to Florida's long-arm statute, and (2) whether exercising jurisdiction would violate the Due Process Clause of the Fourteenth Amendment. *See, e.g., Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 925 (11th Cir. 2007). The second part of the inquiry asks whether there are sufficient "minimum contacts . . . such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984); *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L.Ed. 95 (1945). In other words, to satisfy constitutional concerns, the non-resident defendant should reasonably expect to be haled into court in the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985).

It is Plaintiffs' burden to "[establish] a prima facie case of personal jurisdiction." *See, e.g., Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006). Even if such a prima facie case is made, where the defendant submits affidavits to the contrary, the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction. *Id.*

Here, Plaintiffs have not alleged sufficient material facts to support personal jurisdiction over Mr. Hill in Florida under either the long-arm statute or the Due Process Clause. Instead, they make only what are pure conclusions of law concerning WDC's and Mr. Hill's purported obligations under the alleged joint venture agreement as a means to

support the existence of *in personam* jurisdiction over Defendants before this tribunal. For example, Plaintiffs allege that "[v]enue is proper in the Southern District of Florida because a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of Florida and Defendants are subject to the Court's personal jurisdiction." *Am. Comp.*, ¶ 7. But Plaintiffs do not alleged what exactly were those "events or omissions" that purportedly occurred in Florida. Moreover, both WDC and Mr. Hill deny even the existence of the joint venture agreement. *Tsach Affidavit*, ¶ 28; *Hill Affidavit*, ¶ 29. Accordingly, Plaintiffs' Amended Complaint should be dismissed without prejudice.

### A. Plaintiffs Have Not Satisfied the Requirements of Florida's Long-Arm Statute And Hill Has Established That They Cannot

"Since the extent of the long-arm statute is governed by [state law], federal courts are required to construe it as would the Florida Supreme Court." *Cable/Home Communication v. Network Prods.*, 902 F.2d 829, 856 (11th Cir. 1990) (citation omitted). Moreover, the Florida courts have held that "Florida's long-arm statute is to be strictly construed." *Sculptchair Inc. v. Century Arts, Ltd.*, 94 F. 3d 623, 627 (11th Cir. 1996); *see also, Thomas Jefferson Univ. v. Romer*, 710 So. 2d 67, 71 (Fla. 4th DCA 1998).

Plaintiffs' Amended Complaint purports to assert general jurisdiction pursuant to Fla. Stat. § 48.193(2), but fails to allege sufficient supporting facts. In addition, Plaintiffs allege three possible areas of specific jurisdiction, which may subject a nonresident defendant to Florida jurisdiction if the plaintiff's cause of action arises from the defendant's acts: "(1) commission of a tortious act within Florida; (2) causing of injury to Plaintiffs in Florida by acts or omissions outside of Florida, while engaging in solicitation and service activities in Florida and while products manufactured by Defendants were used or consumed within this state in the ordinary course of

commerce, trade or use; and (3) breaching a joint venture agreement in Florida by failing to perform acts required by that agreement to be performed in Florida." *Am. Comp.*, ¶ 9. These sections appear to correspond to Fla. Stat. § 48.193(1)(a)2, 6, and 7, respectively.

For the following reasons, the general and specific jurisdiction statutes cannot be satisfied, and jurisdiction should not be exercised over Mr. Hill.

### 1. Plaintiffs Cannot Establish General Jurisdiction Over Hill

Section 48.193(2), Flat. Stat., addresses general jurisdiction:

> "A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity."

*Id.* That "activity within the state," however, has been judicially interpreted to mean "continuous and systematic general business contact" with Florida. *See, e.g., Woods v. Nova Cos. Belize Ltd.*, 739 So.2d 617, 620 (Fla. 4th DCA 1999); and *Am. Overseas Marine Corp. v. Patterson*, 632 So.2d 1124, 1128 (Fla. 1st DCA 1994). Moreover, "Florida cases have found 'continuous systematic business contacts' to confer general jurisdiction where a nonresident defendant's activities are extensive and pervasive, in that a significant portion of the defendant's business operations or revenue derived from established commercial relationships in the state. Such contacts have also been found where the defendant continuously solicits and procures substantial sales in Florida." *Caiazzo v. American Royal Arts Corp.*, 73 So.3d 245, 259 (Fla. 4th DCA 2011).

Plaintiffs have failed to allege that Mr. Hill has conducted sufficient business activity in Florida to implicate general jurisdiction, and Mr. Hill's evidence establishes the exact opposite. Mr. Hill resides in the U.K.. *Am. Comp.*, ¶ 4. He has not physically been to Florida since before WDC's inception. *Hill Affidavit*, ¶ 13. His argument for the lack of general jurisdiction is even

stronger than WDC's because, unlike WDC, he has never sold any product **at all** to anyone located here nor, also unlike WDC, he did he consign any product **at all** to anyone here, *id.*, ¶¶ 17, 18, 23 & 38.  Like WDC, he has never solicited here, holds no business licenses here, has no bank accounts here, maintains no locations here, has no agent here, never loaned or borrowed any money here, never held any liens here, never leased or owed any real estate here, maintains no post office box here, has no phone number here, never advertised here or otherwise had any doings here, *id.*, ¶¶ 8-12, ¶¶ 14-15, ¶ 18, ¶¶ 24-25, ¶¶ 33-34, ¶ 36.

Plaintiffs have alleged certain facts to justify jurisdiction that have little or no relevance to the issue.  For example, they allege that "Defendants are well aware that their lab grown diamonds will reach end-customers in the state of Florida through distributors like Brilliant Earth and Robbins Brothers." *Am. Comp.*, ¶ 20.  First of all, the diamonds in question were manufactured by WDC, not Mr. Hill and sold by WDC, not Mr. Hill.  *Hill Affidavit,* ¶ 40.  Moreover, Brilliant Earth and Robbins Brothers are both based on the West Coast.  *Tsach Affidavit*, ¶ 20; *Hill Affidavit,* ¶ 21.  What they do as third parties, however, is irrelevant to the issue of personal jurisdiction.  *See*, *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417 (1984) (unilateral acts of another party or a third person is not an appropriate consideration in the determination of jurisdiction); *see, also*, *Caiazzo v. American Royal Arts Corp., supra* at 251 ("simply being able to foresee a product's arrival in the forum state will never by itself establish minimum contacts over the seller of that product") (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 580, 62 L.Ed.2d 490 (1980)).  For the same reason, it is irrelevant that "products manufactured by the Defendants were used or consumed within this state in the ordinary course of commerce." *Am. Comp.*, ¶ 9.  Moreover, what Mr. Koppel does in Florida is also irrelevant to the jurisdiction issue.  *Am. Comp.*, ¶ 28

("Mr. Hill was well aware that Mr. Koppel resides in Florida, and that Renaissance Diamonds does business in Florida."). Likewise, that Helzberg has stores in Florida is irrelevant to the issue of jurisdiction over Mr. Hill. *See, Helicopteros Nacionales de Colombia, S.A. v. Hall*, *supra*.

### 2. Plaintiffs Cannot Establish Specific Jurisdiction Over Hill

In an effort to establish specific jurisdiction, Plaintiffs' Amended Complaint attempts to create the impression that there is "connexity" by alleging that "(1) Defendants caused injury to Plaintiffs in Florida through acts or omission by the Defendant (sic) outside this state, and at the time, Defendants both engaged in solicitation activities or service activities in Florida, and products manufactured by the Defendants were used or consumed within this state in the ordinary course of commerce, trade or use; (2) Defendants committed a tortious act in Florida; and (3) Defendants breached a joint venture agreement in Florida by failing to perform acts required by the joint venture agreement to be performed in Florida." *Am. Comp.*, ¶ 9. For the following reasons, none of these allegations stand up under close scrutiny.

#### a. Hill Has Not Committed A Tort Within The State

Plaintiffs allege that Mr. Hill has committed a tortious act in Florida, which corresponds to Fla. Stat. § 48.193(1)(a)2. *Am. Comp.*, ¶ 9. Section 1(a)2 is not met here as a basis for specific jurisdiction.

To utilize the tort prong of Florida's long-arm statute, not only must Plaintiffs sufficiently state a tort claim against Mr. Hill, but Plaintiffs must also establish that the alleged tort arose from Mr. Hill's contacts with Florida. *See*, *Miami Breakers Soccer Club, Inc. v. Women's United Soccer Association*, 140 F. Supp. 2d 1325, 1329-30 (S.D. Fla. 2001). Plaintiffs have done neither.

First, Plaintiffs have not sufficiently stated a claim in tort against Mr. Hill. Plaintiffs' counts in tort, namely, breach of fiduciary duty, constructive fraud and tortious interference, incorporate the allegation of the existence of a joint venture and therefore each depend upon the existence of such a joint venture. However, tort actions based on an agreement are precluded where an agreement exists between the parties. With respect to the claim for fraud, this claim must be pled with specificity and particularity. The Amended Complaint fails to allege specific, particular, intentional or wrongful conduct that rises to the level of fraud. As for the claim of tortious interference with an advantageous business relationship, a party cannot tortiously interfere with its own contract or relationship. If, as Plaintiffs alleges, there exists a joint venture agreement between them and Defendants which included the right to utilize relationships enjoyed by Plaintiffs, then it would be impossible as a matter of law for Mr. Hill as a contracting party to commit a tort by interfering with those same relationships. The Amended Complaint therefore fails to state a claim for which relief can be granted. This failure makes jurisdiction unavailing.

In *PK Computers, Inc. v. Independent Travel Agencies of America, Inc.*, 656 So.2d 254 (Fla. 4th DCA 1995), the court held that tort claims of fraud, tortious interference and slander did not satisfy the tort section allowing specific jurisdiction. Those claims were, as here, based on the alleged communication of oral statements or misstatements by defendants, yet the Plaintiffs, as here, did not allege either that the statements were made within the state, or that they were directed at listeners who were located in the state.

Second, the only arguable contact Mr. Hill has with Florida is WDC's website, which is accessible to anyone in the world. But that is WDC's and not Mr. Hill's website, just as the minor involvement in Florida of sales and consignments is WDC's and not Mr. Hill's. Moreover, Plaintiffs have not alleged, and cannot allege, that its purported cause of action arose

out of WDC's website or any website that WDC maintains. As such, Plaintiffs cannot utilize Section (1)(a)2 of Florida's long-arm statute to secure Florida jurisdiction over Mr. Hill. *See, Miami Breakers Soccer Club, Inc. v. Women's United Soccer Association*, *supra* at 1329-30 (ruling that the predecessor section of the statute was inapplicable because plaintiffs' tort claims did not arise from the defendants' website accessible in Florida).

Finally, contrary to the bare-bones assertion in Plaintiffs' Amended Complaint (*Am. Comp.*, ¶ 9), Mr. Hill did not engage in any solicitation or service activity in Florida. *Hill Affidavit*, ¶¶ 18 & 41.

### b. Hill Has Not Caused Injury To Persons Or Property In Florida Within the Meaning of Section 1(a)6.

Section 1(a)6 of Florida's long-arm statute subjects a nonresident defendant to jurisdiction in Florida if the defendant caused injury to persons or property in Florida, under certain circumstances. Plaintiffs allege that Mr. Hill caused injury to them in Florida by acts or omissions outside of Florida, while engaging in solicitation and service activities in Florida and while products manufactured by Defendants were used or consumed within this state in the ordinary course of commerce, trade or use. But, here too, it is clear that this section does not apply. First, Mr. Hill manufactures no products at all, much less products used or consumed in Florida. WDC manufactures gemstones; Mr. Hill does not. *Hill Affidavit*, ¶40. Moreover, it is well-settled in Florida that Section (1)(a)6 "does not permit jurisdiction over nonresidents for acts arising outside the State that cause financial injury within the State, in the absence of personal injury or property damage." *Response Reward Sys., L.C. v. Meijer Inc., supra* at 1337 (ruling that the section, formerly numbered 1(f), does not apply because the plaintiff alleged only patent infringement, not personal injury or property damage); s*ee also, Aetna Life & Cas. Co. v. Therm-*

*O-Disc, Inc.*, 511 So. 2d 992, 994 (S. Ct. Fla. 1987) ("the provisions of Section 48.193(1)(f) contemplate personal injury or physical property damage."); *Sculptchair, Inc. v. Century Arts, Ltd., supra* at 629 ("[i]t is well-established, however, that mere economic injury without accompanying personal injury or property injury does not confer personal jurisdiction over nonresident defendants under Section 48.193(1)(f).") Because Plaintiffs have not alleged that Mr. Hill caused them any physical injury or that Mr. Hill damaged their physical property, Section (1)(a)6 (formerly (1)(f)) does not apply.

      c. **Plaintiffs Allege No Facts To Support Legal Conclusion That Defendants Breached Any Contract By Failing To Perform Acts Required To Be Performed In Florida**

To justify personal jurisdiction before this tribunal, Plaintiffs allege the following purely legal conclusion of law: "Venue is proper in the Southern District of Florida because a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of Florida and Defendants are subject to the Court's personal jurisdiction." *Am. Comp.*, ¶ 7. The facts alleged in the Amended Complaint, however, do not suggest the basis for finding that the alleged joint venture agreement was entered into in the Southern District of Florida, nor that it called for performance in Florida. Instead, Mr. Hill's role would be to serve as President of his company, WDC, which would manufacture colorless diamonds, presumably at its sole location in Maryland, and for his company, WDC, to provide them to Plaintiff Renaissance, **location not stated in the purported joint venture agreement**, which would then provide them to Helzberg Diamonds, **location also not stated in the purported joint venture agreement**. The Amended Complaint also states that Plaintiff Renaissance Diamonds, Inc. would later provide WDC-manufactured diamonds to other retailers as well, but **again no location**

**stated in the purported joint venture agreement.** *Id.*, ¶¶ 32, 38 & 39.

Therefore, the facts alleged in the Amended Complaint do not support the contention that the purported joint venture agreement was breached in the Southern District of Florida. Instead, this pure conclusion of law is stated as a mere contrivance to justify jurisdiction here. *See*, e.g., *PK Computers, Inc. v. Independent Travel Agencies of America, Inc.*, 656 So.2d 254 (Fla. 4th DCA 1995).

In sum, Plaintiffs have not alleged facts sufficient to satisfy Florida's long-arm statute, and Mr. Hill by his affidavit and Tsach by his affidavit have refuted any facts that Plaintiff did allege. Without going any further, this Court therefore has sufficient justification to dismiss Plaintiffs' entire Amended Complaint against Mr. Hill (and WDC) for want of personal jurisdiction under Florida's long-arm statute.

### B. Plaintiffs Have Not Satisfied The Due Process Clause And Hill Has Established That They Cannot

If Plaintiffs meet the first part of the Court's inquiry into the existence of personal jurisdiction (which they do not), the Court must also conduct a completely different analysis regarding minimum contacts and due process consideration. *See. e.g., Future Technology Today, Inc. v. OSF Healthcare Sys.,* 218 F.3d 1247, 1249 (11th Cir. 2000). Under that separate analysis, Florida jurisdiction over a defendant must be found to comport with the Due Process clause of the Fourteenth Amendment. Here, Plaintiffs have not alleged sufficient material facts to establish that Florida jurisdiction over Mr. Hill comports with due process, and Mr. Hill has shown that Plaintiffs cannot.

"The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.'" *Burger King Corp. v. Rudzewicz, supra*, 471 U.S. 462, 471-

72 (1985).  Due process requires two elements be established:  (1) the defendant must have certain "minimum contacts" with the forum state; and (2) the maintenance of the suit must not offend "traditional notions of fair play and substantial justice."  *E . g . ,  Int'l Shoe Co. v. Washington* at 316.

"Minimum contacts within the forum may give rise to two types of personal jurisdiction: specific or general jurisdiction." *Response Reward Sys.*, 189 F. Supp. 2d at 1338; *see Helicopteros Nacionales de Colombia, S.A*, *supra*, 466 U.S. at 414-15.  Here, Plaintiffs have not and cannot establish either.

### 1. The Court Does Not Have General Jurisdiction Over Hill for Purposes of Due Process

To assert general jurisdiction for due process purposes, Plaintiff must establish that Mr. Hill has "continuous and systematic" contacts with Florida. *Helicopteros*,  466 U.S. at 416, 104 S. Ct. 1868.   Factors that weigh against general jurisdiction include a lack of business or a business license in the forum, *id.,* a lack of property ownership in the forum, *Nat'l Enquirer, Inc. v. News Group News, Ltd.*, 670 F. Supp. 962, 966-67 (S.D. Fla. 1987), or a lack of any bank accounts, telephone listings, or mailing addresses in the forum, *id*. at 966.

General jurisdiction does not arise because a party maintains a passive website or otherwise offers information. *Miller v. Berman*, 289 F. Supp. 2d 1327, 1336 ("[T]he exercise of [general] jurisdiction over Defendants in the State of Florida is not proper because placing an informational website on the Internet does not amount to sufficient contacts with the forum."); *Bird v. Parsons*, 289 F.3d 865, 874 (6th Cir. 2002) (ruling that the fact that the defendant "maintains a website that is accessible to anyone over the Internet is insufficient to justify general jurisdiction"); *Mink v. AAAA Dev. LLC*, 190 F.3d

333, 336-37 (5th Cir. 1999) (toll-free telephone number and website insufficient); *see also, ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F. 3d 707, 715 (4th Cir. 2002); *Soma Med. Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1297 (10th Cir. 1999).  But again, this is not Mr. Hill's website.  Therefore, its existence is not relevant to Mr. Hill's jurisdictional analysis.

Nor can general jurisdiction be premised on a "stream of commerce" theory; *i.e.,* that a defendant has contacts with third parties who then do business in the forum state. *See, e.g., Purdue Research Found. v. Sanofi-Synthelabo, S.A.*,  338 F.3d 773, 778 (7th Cir. 2003); *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 216 (5th Cir. 2000).

Mr. Hill is not subject to general jurisdiction in Florida.  He has no employees, assets, bank accounts, real property, personal property, offices, or other facilities in Florida, *Hill Affidavit*, ¶¶ 8-12, ¶¶ 14-15, ¶ 18, ¶¶ 24-25, ¶¶ 33-34, ¶¶ 36 & 41.  Mr. Hill is not licensed to do business in Florida, does not have a registered agent for service of process in Florida, and has no phone numbers or mailing addresses in Florida, *id*., ¶¶ 41 & 15. Finally, even if WDC's website is considered, although it is WDC's and not Mr. Hill's, it is operated from web servers physically located in Maryland and does not offer anything for sale. *Id*., ¶ 35.

Mr. Hill thus has none of the contacts with Florida that are relevant to the general jurisdiction inquiry.  *Helicopteros Nacionales de Colombia, S.A. v. Hall, supra*., 466 U.S. at 416; *Nat'l Enquirer, Inc.*, 670 F. Supp. at 967.  That Florida residents may access a website maintained by WDC, a corporation of which Mr. Hill is an officer, is far from sufficient to satisfy the rigorous "continuous and systematic" test for general jurisdiction, especially as against Mr. Hill. *Miller v. Berman, supra* at 1336.

### 2. The Court Lacks Specific Jurisdiction Over Plaintiffs' Claims for Due Process Purposes

Specific jurisdiction for due process purposes arises "out of a party's activities in the forum state that are related to the cause of action alleged in the complaint." *Sloss Indus. Corp. v. Eurisol*, supra at 925 (quotation marks and citation omitted). The Eleventh Circuit employs a three-part test for determining whether minimum contacts sufficient to support specific personal jurisdiction exist: (1) the defendant's contacts with Florida must involve some act by which the defendant purposefully avails itself of the privilege of conducting activities within the State; (2) the defendant's contacts with the State must give rise to the plaintiff's cause of action; and (3) the defendant's contacts with the State must be such that the defendant should reasonably anticipate being haled into court there. *See Future Tech. Today, Inc. v. OSF Healthcare Sys.*, supra at 1250-51; *Miami Breakers Soccer Club, Inc. v. Women's United Soccer Association*, supra at 1330. "The touchstone of sufficient contacts is that the defendant 'purposefully directed' its activities at residents of the forum-state." *JB Oxford Holdings, Inc. v. Net Trade, Inc.*, 76 F. Supp. 2d 1363, 1366 (M.D. Fla. 1999); *see Burger King Corp. v. Rudzewicz, supra*, 471 U.S. at 472-73, *Response Reward Sys.*, 189 F. Supp. 2d at 1338 (finding no specific personal jurisdiction because the defendant's activities could not be considered to be "purposefully directed to the State of Florida").

As noted, Mr. Hill has done no business in Florida. *Hill Affidavit,* ¶ 23. Plaintiffs' Amended Complaint fails to identify Mr. Hill's alleged contacts with Florida, much less show that Plaintiffs' claims against Mr. Hill arise out of these contacts. After all, it was Mr. Koppel who first reached out to Mr. Hill, located in Maryland, and not the other way around. *Am. Comp.*, ¶ 26 ("On or about May 2013, Mr. Koppel was referred to Mr. Hill as

a potential source of lab-grown diamonds."). *See, e.g., Thomas v. Brown*, 504 Fed. Appx. 845, 549 (11th Cir. 2013), holding that Defendant attorneys in Ohio, who had represented Florida plaintiffs in an out of state matter, did not have sufficient minimum contacts with Florida where they had no office, telephone, bank account or property in Florida, they did not market themselves to Florida and did not conduct any matters relating to their representation of plaintiffs in Florida, they did not reach out to Plaintiffs seeking representation, they never traveled to Florida in relation to this case, and there were no papers or agreements signed or filed in Florida. "This minimal contact with Florida is not the type that would 'lead a person to reasonably expect the possibility of ensuing litigation in a Florida court should some type of dissatisfaction or complications arise.'" *Id.* at 849 (citation omitted). Specific personal jurisdiction is therefore absent here. *See also*, *Fraser*, 594 F.3d at 850 (11th Cir. 2010) ("'[A] fundamental element of the specific jurisdiction calculus is that plaintiff's claim must 'arise out of or relate to' at least one of defendant's contacts with the forum.'") (citation omitted). Plaintiffs' Amended Complaint should be dismissed without prejudice for this reason alone.

Specific personal jurisdiction is also lacking because Mr. Hill did nothing to purposefully avail himself of the privilege of conducting activities in Florida, and could not "reasonably anticipate being haled into [this] court." *Sloss Indus. Corp. v. Eurisol*, *supra*. at 925 (quotation marks and citation omitted).

In short, Plaintiffs have not alleged any facts sufficient to satisfy the Due Process Clause. Mr. Hill has established that he has no meaningful contacts with Florida. This Court therefore has more than ample justification to dismiss Plaintiffs Amended Complaint against Mr. Hill for want of personal jurisdiction under the Due Process Clause.

### III.  CONCLUSION

For the foregoing reasons, Defendant Clive Hill prays that this Court dismiss Plaintiffs' Amended Complaint as against him without prejudice for lack of *in personam* jurisdiction.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY as counsel for Defendant, CLIVE HILL, that I conferred with Plaintiffs prior to filing Defendant's Motion to Dismiss Complaint, that the parties were unable to resolve the issues therein, and Plaintiffs object to the relief sought.

I further certify that on this 16th day of June, 2015, that I electronically filed the foregoing with the Clerk of the Court via the CM/ECF electronic filing system, which will send a notice of electronic filing to all counsel of record via the CM/ECF system.

> LABOVICK LAW GROUP
> 5220 Hood Road, Suite 200
> Palm Beach Gardens, FL 33418
> (561) 625-8400 - Telephone
> (561) 244-9577 - Facsimile
> Mazar@labovick.com - Primary Email
> Kbache@labovick.com - Secondary Email
>
> BY:  *s/ Michelle L. Azar*
>      MICHELLE L. AZAR, ESQ.
>      Florida Bar No.: 770493

SERVICE LIST

By Electronic Transmission:
Jason R. Marks, Esq., Kluger, Kaplan, Silverman, Katzen & Levin, P.L., 201 S. Biscayne Boulevard, 27 Floor, Miami, FL 33131; jdelgado@klugerkaplan.com and/or jmarks@klugerkaplan.com